# EXHIBIT

# 21

**Santrel McClusky v. Domino's Pizza LLC**

U.S. District Court for the Western District of Washington

Case No. 2:26-cv-03189

## DECLARATION OF CASSANDRA W. LENNING IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

# ARBITRATION AGREEMENT

**Arbitration of Disputes.** Both Employee and Domino's Pizza LLC ("the Company") (the Company is defined herein as including its parents, subsidiaries, affiliates, predecessors, successors and assigns, and their (including the Company's) respective owners, directors, officers, managers (both direct and indirect), employees, vendors, and agents), acknowledge that the Company has a system of alternative dispute resolution that involves binding arbitration to resolve disputes that may arise out of or relate to the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Company and Employee, both the Company and Employee agree that any claim, dispute, and/or controversy that Employee or the Company may have against the other shall be submitted to and determined exclusively by mandatory, neutral, binding arbitration on an individual basis only, except to the extent that Employee exercises Employee's opt out right in strict compliance with the opt out procedure described below. Any arbitration hereunder shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1-16; provided, however, that if the FAA does not apply, arbitration shall be governed by the arbitration law of the State of Michigan, subject to the terms of this Arbitration Agreement.

This duty to arbitrate specifically includes any claim, including any claim brought on an individual, class action, collective action, multiple-party, or private attorney general basis by Employee or on Employee's behalf, Employee may have against the Company, which would otherwise require or allow access to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Company, whether in contract, in tort, pursuant to statute, regulation, or ordinance, or in equity or otherwise (including, but not limited to, any claims related to wages, reimbursements, discrimination, and harassment, whether based on state law, Title VII of the Civil Rights Act of 1964, as amended, as well as all other federal, state or local laws or regulations). It also specifically includes any claim, dispute, and/or controversy relating to the scope, validity, existence, or enforceability of this Arbitration Agreement. Unless the parties agree otherwise in writing as to a particular dispute, any arbitration pursuant to this Arbitration Agreement shall be initiated with and conducted by the American Arbitration Association, whose Employment Arbitration Rules and Mediation Procedures may be obtained at http://www.adr.org or by calling (800) 778-7879. The duty to arbitrate under this Arbitration Agreement survives any termination of Employee's employment with the Company.

**Claims Excepted From Binding Arbitration.** The sole exceptions to the duty to arbitrate are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims where mandatory arbitration is rendered void, unenforceable, or inapplicable by election of a party authorized to do so under 9 U.S.C. Sections 401-402, claims for medical and disability benefits under Workers' Compensation, Unemployment Compensation claims filed with the state, claims on an individual basis only which are brought properly in, and only to the extent they remain in, small claims court, and any claims or disputes arising out of any other written contract(s) between Employee and the Company where the contract specifically provides for resolution through the courts instead of by arbitration. Nothing herein shall prevent Employee from filing and pursuing administrative proceedings only before the U.S. Equal Employment Opportunity Commission or an equivalent state or local agency (although if Employee chooses to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to arbitration). Nothing herein shall prevent Employee or Company from obtaining from a court a temporary restraining order or preliminary injunctive relief to preserve the status quo or prevent any irreparable harm pending the arbitration of the underlying claim, dispute, and/or controversy.

**Form of Arbitration.** In any arbitration, any claim shall be arbitrated only on an individual basis and not on a class, collective, multiple-party, or private attorney general basis. To the fullest extent

permitted by law, Employee and the Company expressly waive any right to arbitrate as a class representative, as a class member, in a collective action, or in or pursuant to a private attorney general capacity, and there shall be no joinder or consolidation of parties.

**Rules of Arbitration.** In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal court judge, or licensed attorney with experience serving as an arbitrator and at least ten years of experience as a lawyer, as mutually agreed to by the parties, and shall be subject to disqualification on the same grounds as would apply to a judge of a court of relevant jurisdiction. The arbitrator shall follow controlling law and issue a decision in writing within 45 days of the arbitration hearing with a supporting opinion based on controlling law. If the decision and supporting opinion are not appealed as described below within 90 days of issuance of the decision, then the decision is final, binding, and conclusive on the parties and may be entered in any court of competent jurisdiction. At either party's election, such decision and supporting opinion may be appealed to another arbitrator ("appellate arbitrator"), who shall be chosen in the same manner as described above. The appellate arbitrator shall apply to the underlying decision and opinion the same standard for review of civil cases as an appellate court in the relevant jurisdiction and issue a decision in writing with a supporting opinion based on such review and controlling law. The appellate arbitrator's decision shall be final, binding and conclusive on the parties and may be entered in any court of competent jurisdiction.

**Waiver of Jury Trial. EMPLOYEE AND THE COMPANY UNDERSTAND THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST THE OTHER, EXCEPT AS EXPRESSLY PROVIDED HEREIN.**

**Exclusive Opt-Out Right.** Employee has the right to opt out of the obligation set forth herein to submit to binding arbitration. To opt out, Employee must send via electronic mail or first-class mail, within **thirty (30) calendar days** of signing this Arbitration Agreement, an email to PeopleFirstSharedServices@dominos.com or a letter addressed to Domino's Pizza LLC, Attention: Team Leader, Human Resources Shared Services, 30 Frank Lloyd Wright Drive, Post Office Box 997, Ann Arbor, Michigan 48106-0997, stating that Employee has elected to opt out of the Arbitration Agreement. The email/letter must clearly state Employee's name, employee ID, and a telephone number where Employee can be reached. In the event of a dispute between the parties about whether Employee timely sent an opt-out email/letter, Employee shall have the burden of furnishing contemporaneous proof of service. Absent the proper and timely exercise of this opt-out right, Employee will be required to arbitrate all disputes encompassed by this Arbitration Agreement.

**Severability.** Should any term or provision, or portion thereof, be declared void or unenforceable or deemed in contravention of law, that shall not invalidate the other provisions of this Arbitration Agreement. However, if any portion of the "Form of Arbitration" provision above is declared void or unenforceable, rendered void, unenforceable, or inapplicable by election of a party authorized to do so under 9 U.S.C. Sections 401-402, or deemed in contravention of law, and certain claims are determined not to be subject to the waiver therein ("Exempt Claim" or "Exempt Claims"), then the parties shall proceed as follows: (1) the parties shall arbitrate on an individual basis any non-Exempt Claim to the maximum extent permitted by law; and (2) any party seeking to bring or maintain any Exempt Claim shall do so in court. Employee and Company further agree that, except where a stay is prohibited by controlling law, litigation of any Exempt Claim should be stayed pending final resolution of all non-Exempt Claims in arbitration so that litigation of the Exempt Claim(s) does not disrupt the arbitration proceedings or render them ineffective and no party shall oppose the other party's request for a stay. The parties agree that staying any such litigation pending resolution of individual arbitration will increase efficiencies, decrease costs, and further the interests of justice. As an example and for clarity, if Employee brings a putative class action as well as representative claims for civil penalties under California's Private Attorneys General Act of 2004 ("PAGA"), and a court determines that the waiver

in the Form of Arbitration provision is void, unenforceable, or invalid as to the civil penalty claims under PAGA but not otherwise, Employee shall bring all claims other than the PAGA claims in an individual arbitration; the PAGA claims shall be stayed pending final resolution of the claims subject to individual arbitration, and no party shall oppose a request to the court for such a stay by the other party. Under no circumstances shall this Arbitration Agreement be construed to allow arbitration on a class, collective, private attorney general, representative, or other similar basis.

**Exclusive Agreement.** Any agreement contrary to, or modifying, the foregoing arbitration provisions must be entered into, in writing, by both Employee and the Executive Vice President of Human Resources for Domino's Pizza LLC. **Oral representations made before or after Employee is hired do not alter this Arbitration Agreement.**

**Entire Agreement.** This Arbitration Agreement supersedes any and all prior agreements regarding arbitration, including, but not limited to, any arbitration provisions in employment applications.

**MY SIGNATURE ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. I UNDERSTAND THAT, UNLESS I TIMELY SEND THE OPT-OUT EMAIL OR LETTER REFERENCED ABOVE TO THE PROPER ADDRESSEE, I WILL BE REQUIRED TO ARBITRATE ALL DISPUTES WITH THE COMPANY THAT ARE COVERED BY THIS ARBITRATION AGREEMENT.**

Domino's Pizza LLC

By: ***Andrew Ueeck***

Its: ***Vice President of Human Resources***

______________________________
(Employee Name – Print)

______________________________
(Employee Signature)

______________________________
(Employee ID)

______________________________
(Date)

**Team Member eSignature**

| Full Name | IP Address | e-Signature Name | e-Sign Code | e-Signature Date |
|---|---|---|---|---|
| Mcclusky,Santrel | | | | |