# EXHIBIT

# 26

**Santrel McClusky v. Domino's Pizza LLC**

U.S. District Court for the Western District of Washington

Case No. 2:26-cv-03189

## DECLARATION OF CASSANDRA W. LENNING IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

FILED
2026 AUG 27 01:30 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-23364-1 KNT

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

SANTREL McCLUSKY, individually and on behalf of others similarly situated,

Plaintiff,

v.

DOMINO'S PIZZA LLC, a Washington Limited Liability Corporation, and DOES 1 – 100, inclusive,

Defendants.

NO. 26-2-23364-1 KNT

**DECLARATION OF KASHMIERE APOLLON IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

I, Kashmiere Apollon, declare as follows under the penalty of perjury of the laws of the United States:

1. I am over the age of 18 and I am making this declaration in support of Defendant, Domino's Pizza LLC's ("Defendant") Motion to Compel Arbitration and Stay Proceedings. If called as a witness, I would and could competently testify to the following facts based on my direct personal knowledge.

2. I am currently employed by as Director, HR Operations with Defendant. I have held this position for approximately 2 1/2 years.

3. In my capacity as Director HR Operations, I am familiar with, and have access to, Defendant's personnel, onboarding, and payroll records for its employees in Washington



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

state, including records relating to Defendant's arbitration program and to employees' elections to opt out of arbitration. These records are made and kept in the ordinary course of Defendant's regularly conducted business activity, at or near the time of the events they record, by personnel with knowledge of the matters recorded, and it is Defendant's regular practice to create and maintain them. As part of my job duties, I regularly access, use, and rely on these records, and I am a custodian of them.

4. The statements in this declaration are based on my personal knowledge and on my review of these records. Based on that review, I confirm that Plaintiff was employed by Defendant.

5. On October 24, 2025, Defendant offered Plaintiff employment as a Yard Driver.

6. The primary duty of the Yard Driver is to shuttle trucks around the yard at the Supply Chain Center.

7. Plaintiff started as a Yard Driver on November 20, 2025. As part of Defendant's standard onboarding process, each new employee, including Plaintiff, is required to review and complete a set of onboarding documents. **Exhibits A** and **B** are true and correct copies of the Arbitration Agreement packet Plaintiff received as part of his onboarding. **Exhibit A**, page 1, is a letter from Andrew Ueeck, Vice President of Human Resources, explaining the Arbitration Agreement. **Exhibit A**, page 2, describes the features of the Arbitration Agreement. **Exhibit B** is a copy of the Arbitration Agreement signed by Plaintiff.

8. The onboarding documents were presented to Plaintiff in person during his onboarding and the process required Plaintiff to review the Arbitration Agreement and to physically sign it if he agreed with the terms of the arbitration.

9. Plaintiff physically signed the Arbitration Agreement on November 20, 2025. His signature was handwritten on the signature page of the Arbitration Agreement and affirmatively assented to the Arbitration Agreement. Plaintiff also included his written name, employee identification number, and date, also in his own handwriting. The Arbitration Agreement was



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

stored in Plaintiff's personnel file, where it has been maintained by Defendant in the ordinary course of business since that date.

10. I have reviewed **Exhibits A** and **B** and compared it against the signed Arbitration Agreement maintained in Plaintiff's personnel file. **Exhibits A** and **B** are true and correct copies of the paperwork that Plaintiff received and signed on November 20, 2025.

11. Per the terms of the Arbitration Agreement in **Exhibit B**, which can be seen in black bold letters on page two of the Agreement, Plaintiff had thirty (30) days after signing to opt out of arbitration by sending written notice to Defendant's Human Resources department by email or first-class mail. Defendant maintains records of all employee opt-out elections in the ordinary course of business. To determine whether Plaintiff opted out, I reviewed Defendant's opt-out records maintained by Human Resources and Plaintiff's personnel file. Based on that review, Plaintiff did not submit a request to opt-out of the Arbitration Agreement within the opt-out period or at any other time, and Defendant's records contain no opt-out election by Plaintiff.

12. On March 13, 2026, Plaintiff was terminated due to violating company policies.

DECLARED on August 19, 2026, at **Ann Arbor, Michigan**.

DocuSigned by:
Kashmiere Apollon
6D131B313FB3454...
Kashmiere Apollon



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under the laws of the state of Washington that on the date written below, I caused a true and correct copy of the foregoing document to be served on the following attorneys, via the method(s) indicated:

Adarsh N. Parthasarathy, WSBA #62319
Danielle E. Kim, WSBA #54154
Cassandra Lenning, WSBA #54336
Bibiyan Law Group, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
aparthasarathy@tomorrowlaw.com
dkim@tomorrowlaw.com
clenning@tomorrowlaw.com

*Attorneys for Plaintiff*

☒ **King County Script Portal**
☒ **First-Class Mail, postage prepaid**
☒ **Email (courtesy copy)**

DATED this 27th day of August, 2026.

*s/ Lynn Van Eyck*
Lynn Van Eyck, Legal Secretary



FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

# Exhibit A

Dear Team Member:

Domino's prides itself on treating its team members fairly and has implemented extensive procedures to ensure that any team member issues that are brought to our attention are resolved quickly and appropriately. However, for those rare situations where we cannot resolve employment disputes through these internal procedures, we are introducing the Domino's Arbitration Program.

We have developed the Domino's Arbitration Program to promote a simpler, friendlier, quicker, less-costly system of alternative dispute resolution to resolve disputes between the Company and its team members that may arise out of the employment relationship. The enclosed flyer highlights some of the significant features of arbitration as compared to litigation through the court system.

Here is how the Domino's Arbitration Program works. If you or the Company have a dispute subject to arbitration which could not be resolved satisfactorily by your managers, a Human Resources representative, or through the other internal procedures available to you, simply visit http://www.adr.org or call (800) 778-7879 to obtain the forms necessary to initiate arbitration. A neutral arbitrator will then be selected to hear the case. The arbitrator will make a decision in the case that will be final and binding on the parties unless a party appeals that decision to a neutral appellate arbitrator. If an appeal takes place, the decision of the appellate arbitrator will be final and binding.

Enclosed is the Arbitration Agreement which, after you carefully review, you must sign in order to commence or continue your employment. You have 30 calendar days from the date you sign the Arbitration Agreement to opt out of the duty to arbitrate through the procedures described in the Agreement. Electing to opt out will have no impact on your employment status with the Company. **By signing the Arbitration Agreement and not opting out, both you and the Company are giving up various rights, including the right to a trial by jury as well as any right to arbitrate as a class representative, as a class member, or in a collective action.**

Your Human Resources representative will be able to answer any questions you may have regarding the Domino's Arbitration Program. Thank you for your commitment to Domino's.

Sincerely,

**Andrew Ueeck**
**Vice President of Human Resources**
Domino's Pizza LLC
Enclosures

# SIGNIFICANT FEATURES OF THE DOMINO'S ARBITRATION PROGRAM

- **Commonly a Quicker Resolution of Claims than Through the Court System**
- **Potentially Reduced Legal Fees and Expenses for Team Members and the Company**
- **More Simplified Process than Court System**
- **More Informal Forum than Court System**
- **Claims Resolved by Neutral Arbitrator not Jury**
- **Opportunity to Appeal Decision to Neutral Appellate Arbitrator**
- **Claims Resolved in Individual Action rather than Class, Collective, or Consolidated Action**

# Exhibit B

# ARBITRATION AGREEMENT

**Arbitration of Disputes.** Both Employee and Domino's Pizza LLC ("the Company") (the Company is defined herein as including its parents, subsidiaries, affiliates, predecessors, successors and assigns, and their (including the Company's) respective owners, directors, officers, managers (both direct and indirect), employees, vendors, and agents), acknowledge that the Company has a system of alternative dispute resolution that involves binding arbitration to resolve disputes that may arise out of or relate to the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Company and Employee, both the Company and Employee agree that any claim, dispute, and/or controversy that Employee or the Company may have against the other shall be submitted to and determined exclusively by mandatory, neutral, binding arbitration on an individual basis only, except to the extent that Employee exercises Employee's opt out right in strict compliance with the opt out procedure described below. Any arbitration hereunder shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1-16; provided, however, that if the FAA does not apply, arbitration shall be governed by the arbitration law of the State of Michigan, subject to the terms of this Arbitration Agreement.

This duty to arbitrate specifically includes any claim, including any claim brought on an individual, class action, collective action, multiple-party, or private attorney general basis by Employee or on Employee's behalf, Employee may have against the Company, which would otherwise require or allow access to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment, or other association with the Company, whether in contract, in tort, pursuant to statute, regulation, or ordinance, or in equity or otherwise (including, but not limited to, any claims related to wages, reimbursements, discrimination, and harassment, whether based on state law, Title VII of the Civil Rights Act of 1964, as amended, as well as all other federal, state or local laws or regulations). It also specifically includes any claim, dispute, and/or controversy relating to the scope, validity, existence, or enforceability of this Arbitration Agreement. Unless the parties agree otherwise in writing as to a particular dispute, any arbitration pursuant to this Arbitration Agreement shall be initiated with and conducted by the American Arbitration Association, whose Employment Arbitration Rules and Mediation Procedures may be obtained at http://www.adr.org or by calling (800) 778-7879. The duty to arbitrate under this Arbitration Agreement survives any termination of Employee's employment with the Company.

**Claims Excepted From Binding Arbitration.** The sole exceptions to the duty to arbitrate are claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims where mandatory arbitration is rendered void, unenforceable, or inapplicable by election of a party authorized to do so under 9 U.S.C. Sections 401-402, claims for medical and disability benefits under Workers' Compensation, Unemployment Compensation claims filed with the state, claims on an individual basis only which are brought properly in, and only to the extent they remain in, small claims court, and any claims or disputes arising out of any other written contract(s) between Employee and the Company where the contract specifically provides for resolution through the courts instead of by arbitration. Nothing herein shall prevent Employee from filing and pursuing administrative proceedings only before the U.S. Equal Employment Opportunity Commission or an equivalent state or local agency (although if Employee chooses to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to arbitration). Nothing herein shall prevent Employee or Company from obtaining from a court a temporary restraining order or preliminary injunctive relief to preserve the status quo or prevent any irreparable harm pending the arbitration of the underlying claim, dispute, and/or controversy.

**Form of Arbitration.** In any arbitration, any claim shall be arbitrated only on an individual basis and not on a class, collective, multiple-party, or private attorney general basis. To the fullest extent

permitted by law, Employee and the Company expressly waive any right to arbitrate as a class representative, as a class member, in a collective action, or in or pursuant to a private attorney general capacity, and there shall be no joinder or consolidation of parties.

**Rules of Arbitration.** In addition to requirements imposed by law, any arbitrator herein shall be a retired state or federal court judge, or licensed attorney with experience serving as an arbitrator and at least ten years of experience as a lawyer, as mutually agreed to by the parties, and shall be subject to disqualification on the same grounds as would apply to a judge of a court of relevant jurisdiction. The arbitrator shall follow controlling law and issue a decision in writing within 45 days of the arbitration hearing with a supporting opinion based on controlling law. If the decision and supporting opinion are not appealed as described below within 90 days of issuance of the decision, then the decision is final, binding, and conclusive on the parties and may be entered in any court of competent jurisdiction. At either party's election, such decision and supporting opinion may be appealed to another arbitrator ("appellate arbitrator"), who shall be chosen in the same manner as described above. The appellate arbitrator shall apply to the underlying decision and opinion the same standard for review of civil cases as an appellate court in the relevant jurisdiction and issue a decision in writing with a supporting opinion based on such review and controlling law. The appellate arbitrator's decision shall be final, binding and conclusive on the parties and may be entered in any court of competent jurisdiction.

**Waiver of Jury Trial. EMPLOYEE AND THE COMPANY UNDERSTAND THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EITHER MAY HAVE AGAINST THE OTHER, EXCEPT AS EXPRESSLY PROVIDED HEREIN.**

**Exclusive Opt-Out Right.** Employee has the right to opt out of the obligation set forth herein to submit to binding arbitration. To opt out, Employee must send via electronic mail or first-class mail, within **thirty (30) calendar days** of signing this Arbitration Agreement, an email to PeopleFirstSharedServices@dominos.com or a letter addressed to Domino's Pizza LLC, Attention: Team Leader, Human Resources Shared Services, 30 Frank Lloyd Wright Drive, Post Office Box 997, Ann Arbor, Michigan 48106-0997, stating that Employee has elected to opt out of the Arbitration Agreement. The email/letter must clearly state Employee's name, employee ID, and a telephone number where Employee can be reached. In the event of a dispute between the parties about whether Employee timely sent an opt-out email/letter, Employee shall have the burden of furnishing contemporaneous proof of service. Absent the proper and timely exercise of this opt-out right, Employee will be required to arbitrate all disputes encompassed by this Arbitration Agreement.

**Severability.** Should any term or provision, or portion thereof, be declared void or unenforceable or deemed in contravention of law, that shall not invalidate the other provisions of this Arbitration Agreement. However, if any portion of the "Form of Arbitration" provision above is declared void or unenforceable, rendered void, unenforceable, or inapplicable by election of a party authorized to do so under 9 U.S.C. Sections 401-402, or deemed in contravention of law, and certain claims are determined not to be subject to the waiver therein ("Exempt Claim" or "Exempt Claims"), then the parties shall proceed as follows: (1) the parties shall arbitrate on an individual basis any non-Exempt Claim to the maximum extent permitted by law; and (2) any party seeking to bring or maintain any Exempt Claim shall do so in court. Employee and Company further agree that, except where a stay is prohibited by controlling law, litigation of any Exempt Claim should be stayed pending final resolution of all non-Exempt Claims in arbitration so that litigation of the Exempt Claim(s) does not disrupt the arbitration proceedings or render them ineffective and no party shall oppose the other party's request for a stay. The parties agree that staying any such litigation pending resolution of individual arbitration will increase efficiencies, decrease costs, and further the interests of justice. As an example and for clarity, if Employee brings a putative class action as well as representative claims for civil penalties under California's Private Attorneys General Act of 2004 ("PAGA"), and a court determines that the waiver

in the Form of Arbitration provision is void, unenforceable, or invalid as to the civil penalty claims under PAGA but not otherwise, Employee shall bring all claims other than the PAGA claims in an individual arbitration; the PAGA claims shall be stayed pending final resolution of the claims subject to individual arbitration, and no party shall oppose a request to the court for such a stay by the other party. Under no circumstances shall this Arbitration Agreement be construed to allow arbitration on a class, collective, private attorney general, representative, or other similar basis.

**Exclusive Agreement.** Any agreement contrary to, or modifying, the foregoing arbitration provisions must be entered into, in writing, by both Employee and the Executive Vice President of Human Resources for Domino's Pizza LLC. **Oral representations made before or after Employee is hired do not alter this Arbitration Agreement.**

**Entire Agreement.** This Arbitration Agreement supersedes any and all prior agreements regarding arbitration, including, but not limited to, any arbitration provisions in employment applications.

**MY SIGNATURE ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. I UNDERSTAND THAT, UNLESS I TIMELY SEND THE OPT-OUT EMAIL OR LETTER REFERENCED ABOVE TO THE PROPER ADDRESSEE, I WILL BE REQUIRED TO ARBITRATE ALL DISPUTES WITH THE COMPANY THAT ARE COVERED BY THIS ARBITRATION AGREEMENT.**

Domino's Pizza LLC

[signature]

By: ***Andrew Ueeck***

Its: ***Vice President of Human Resources***

~~Ø396553~~ McClusky, SANTREL
(Employee Name – Print)

[signature]
(Employee Signature)

Ø396553
(Employee ID)

11/20/2025
(Date)